9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronnie Lee BROOKS, Defendant-Appellant.
 No. 92-50296.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1993.*
Decided Nov. 5, 1993.
 
 1
 Before: FLETCHER, PREGERSON, and NORRIS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant Ronnie Lee Brooks appeals his jury convictions for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and possession of an unserialized firearm, 26 U.S.C. § 5861(h). In particular, Brooks appeals the district court's denial of his motion to suppress evidence seized during the search of his home and its refusal to instruct the jury on the defense of duress or necessity. We AFFIRM the convictions.
 
 
 4
 * Brooks contends that the warrant authorizing the search of his residence was deficient for two reasons: first, it was unsupported by probable cause; and second, it was not sufficiently specific to instruct the police on what to seize. For these reasons, Brooks argues that the district court erred when it denied his motion to suppress evidence gathered pursuant to this warrant. We reject these arguments.
 
 
 5
 * For "probable cause to exist, the magistrate need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit. United States v. Peacock, 761 F.2d 1313, 1315 (9th Cir.1985) (emphasis added). In reviewing the magistrate's determination of probable cause, we must find a substantial basis for this conclusion. Id. (citing, inter alia, Illinois v. Gates, 462 U.S. 213, 233 (1983)).
 
 
 6
 Here, the magistrate clearly had a substantial basis to permit the search of Brooks' residence. Detective Baitx's affidavit stated that Brooks lived at 4118 S. Compton Avenue and that a trail of spent .38 caliber and 9 millimeter/.45 caliber shell casings led from the front door of this home up the street to a point near where the victim's body was discovered. Additionally, the affidavit further stated that a neighborhood informant told investigators that he/she had seen Brooks firing a gun from the front yard of 4118 S. Compton on the night of the shooting. The informant later positively identified Brooks from a set of six photographs. In light of this substantial evidence, the district court properly denied the motion to suppress.
 
 B
 
 7
 Brooks also contends that the search warrant was constitutionally invalid because it made no specific reference to the type of gun sought, thus failing to satisfy the Fourth Amendment requirement that a search warrant be sufficiently specific to enable those conducting the search to reasonably identify the items to be seized. United States v. Hernandez-Escarsega, 886 F.2d 1560, 1567 (9th Cir.1989). We review challenges to the specificity of items to be seized pursuant to search warrants de novo. Id. at 1567.
 
 
 8
 Contrary to Brooks' claims, Detective Baitx's affidavit makes the description of the gun more specific by referring to the two types of ammunition casings found at the scene (.38 caliber and 9 millimeter/.45 caliber). When read in conjunction with Detective Baitx's affidavit, the warrant here plainly commands the police to seize handguns that could fire the 9 millimeter and .38 caliber casings found outside Brooks' home. Thus, the district court correctly ruled that the specificity of the search warrant and accompanying affidavit satisfied the Fourth Amendment.
 
 II
 
 9
 We next address Brooks' argument that the district court committed reversible error when it refused to instruct the jury on the defense of necessity. Brooks claims that threatening circumstances necessitated his possession of the handgun for self-defense. To justify a duress or necessity instruction, Brooks has the burden of making a prima facie case of all three elements of this defense: (1) immediate threat of death or serious bodily injury; (2) a well grounded fear that the threat will be carried out; and (3) no reasonable opportunity to escape the threatened harm. United States v. Jennell, 749 F.2d 1302, 1305 (9th Cir.1984). We have not yet resolved whether we review a district court's refusal to give a duress or necessity instruction de novo or for abuse of discretion. See, e.g., United States v. LaFleur, 971 F.2d 200, 204 (9th Cir.1991). However, we hold that Brooks' argument fails under either standard of review because he failed to make a prima facie case that he faced an immediate threat of harm and that he had no reasonable opportunity to escape the harm.
 
 
 10
 Brooks failed to establish the immediacy requirement. His statements about gang related violence in the neighborhood and threats to his life (e.g., that his "sister's baby's daddy" called from prison and advised him that his life was in danger) are not the type of immediate and specific threats that warrant a necessity instruction.[1] Moreover, Brooks could not identify the source of the purported threats and he conceded that he never carried his gun with him when he left his home. Brooks' failure to carry his burden of establishing immediacy alone justified the district court's refusal to give the necessity instruction.
 
 
 11
 However, we also note that Brooks failed to show that he had no opportunity to escape or avoid the threatened harm. See United States v. Bailey, 444 U.S. 394, 410 (1980) ("if there was a reasonable, legal alternative to violating the law, 'a chance both to refuse to do the criminal act and also to avoid the threatened harm,' the defense will fail"). It is true that Brooks testified that he told some police officers about the threats, and that they responded that they could not assist him unless he was bodily harmed, or the individuals threatening him were in front of his house. But this testimony alone, even if credited, is insufficient to establish that he had no reasonable opportunity to avoid committing a crime. The record also shows that Brooks was interviewed at least twice by detectives investigating the shooting prior to his arrest, yet he never informed them of the threats, nor did he request their assistance. And when asked by the detectives why he had the gun, he responded that he bought it because he had been robbed, but never stated that it was to protect him from the threats. Regardless of any prior conversation with the police, Brooks passed up repeated opportunities to inform the detectives of the threats and to ask for their assistance.
 
 
 12
 Moreover, the record reflects that Brooks spent several nights at his brother's home in Gardena, California, following the October 19 shooting. But Brooks made no showing that he could not have escaped the threatening neighborhood by temporarily moving in with his brother. While this arrangement might have caused Brooks some inconvenience, or even added cost, Brooks failed to show why it was not a reasonable alternative to breaking the law.
 
 
 13
 The convictions are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 See Jennell, 749 F.2d at 1305-06 (finding no threat of immediate harm in year long narcotics conspiracy and noting that fear of threatened harm alone is not sufficient to make a prima facie case of duress); see also United States v. Shapiro, 669 F.2d 593, 596 (9th Cir.1982) (threats of future reprisals do not satisfy immediacy requirement); United States v. Gordon, 526 F.2d 406, 408 (9th Cir.1975) (telephone threats do not satisfy immediacy requirement)